### M. S. LANE *v.* CITY OF LOUISVILLE.

**Damages—Speculative—Pleading.**

> Where the averments of a petition do not import any certain and specific complaint that plaintiff sustained any damages which were natural and proximate to the breach of the contract complained of, but was for contingent and prospective profits or speculative damages, recovery can not be had. .

APPEAL FROM JEFFERSON CIRCUIT COURT.

December 30, 1872.

OPINION BY JUDGE HARDIN:

Although it is alleged in the petition in general terms, in effect at least, that the appellant was subjected to loss and injury by the failure of the appellee to obtain the right of way and make other pre-

liminary arrangements to enable the appellant to proceed to execute his contract, and it may be inferred, and is even probable from the evidence that the disappointment was injurious to him, particularly as the contract might have resulted profitably to him, if he could have executed it, yet the averments of the petition do not import any certain and specific complaint, nor is there proof of any, if made, that the plaintiff sustained any damage which was natural and proximate to the breach of the contract by the appellee.

There is no allegation or proof that laborers were employed, or that stock, implements, or other means were provided, or that any preparatory expense was incurred by plaintiff on the faith of the contract, from which any loss was devolved on him by the non-compliance of the city with its part of the contract.

The claim, as presented, was therefore simply for an alleged loss of contingent and prospective profits, or in other words, speculative damages; for which, it is well settled, by the authorities referred to in the opinion of the lower court, and others which might be cited, an action can not be maintained. We concur in that opinion also, that the plaintiff was not entitled to a recovery of even nominal damages; because by the specifications of the engineer, made part of the contract, the work was not to be commenced until after the right of way should be obtained, which was not done, and as it appears the city was unable to do; and as suggested in the opinion of the court, these facts operated to discharge both parties from the contract.

Wherefore the judgment is *affirmed*.

*Elliott, James Harlan, for appellant.*

*T. L. Burnett, for appellee.*